UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTOPHER ROBERT BAYER,

      Plaintiff,

v.                                          Case No. 3:17-cv-438-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff initially alleged he became disabled on August 9, 2012, but amended his alleged onset date to November 1, 2010. (Tr. 20, 444-55, 476, 523.) Following an unfavorable decision by the assigned Administrative Law Judge ("ALJ"), the Appeals Council remanded Plaintiff's case on July 6, 2015 for further consideration. (Tr. 187-208, 217-18.) The Appeals Council directed the ALJ to consider the unadjudicated period from March 31, 2014 through January 15, 2015, the date of the decision.[2] Following a second administrative hearing

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12, 13.)

[2] The original decision found that Plaintiff was not disabled through March 31, 2014. However, Plaintiff was insured for DIB through December 31, 2016, leaving an unadjudicated period. (Tr. 217.)

held on November 3, 2014, the ALJ issued a second decision finding Plaintiff not disabled from November 1, 2010, the amended onset date, through May 11, 2016, the date of the decision. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

I. **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

2

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises three general issues on appeal: (1) that the ALJ improperly rejected the opinions of treating psychiatrist, Hilda Vega-Vasquez, M.D., and examining psychologist, Donald Stewart, Psy.D.; (2) that the ALJ failed to properly consider Plaintiff's subjective statements of disability; and (3) that the ALJ relied on a flawed hypothetical question to the vocational expert.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff's severe impairments included: eczema, obesity, degenerative disc disease of the lumbar and cervical spine, bipolar disorder, depression, anxiety, and post-traumatic stress disorder. (Tr. 22.) Then, the ALJ found that Plaintiff had the RFC to perform "light work" except:

> [Plaintiff] . . . can sit for 4 hours at one time for a total of 8 hours per day; can stand/walk for 2 hours at one time for a total of 6 hours in an 8-hour day. He cannot climb ladders, ropes or scaffolds. He can occasionally climb ramps and stairs, and can occasionally balance, stoop, kneel, crouch and crawl. He has no limitations regarding manipulation. He has no visual, communicative or environmental limitations. Mentally, he is precluded from performing complex tasks but is capable of performing simple, routine tasks consistent with unskilled work with concentration on those tasks for 2-hour periods (with normal breaks and a lunch). He is limited to no more than occasional interaction with the public, co-workers or supervisors. He is precluded from frequent changes in the work setting (occasionally is defined as 1/3 of the workday and frequently is defined as 2/3 of the workday).

(Tr. 24-25.) In making this finding, the ALJ considered the medical evidence of record, including the objective medical findings and the opinions of treating, examining, and non-examining sources, as well as Plaintiff's subjective complaints. (Tr. 25-43.) With respect to the opinions of Dr. Vega-Vazquez, Plaintiff's treating psychiatrist during the unadjudicated period which resulted in a remand of the case, the ALJ stated:

> As for the opinion of Dr. Vega-Vazquez at the VA found at Exhibits 28F and 29F, the undersigned gives this opinion rather limited weight. [Sh]e indicated that the claimant would not be able to sustain gainful employment (Exhibit 28F) and that the claimant would miss [more] than 3 days of work per month with a GAF of 48. While there has been 2 inpatient hospitalizations (one in 2015 and one in 2010), the claimant has not required prolonged hospitalization and has improved significantly with medication stabilization (Exhibits 27F, 31F).

(Tr. 42.)

The Court cannot find that the ALJ articulated clear reasons supported by substantial evidence for discounting Dr. Vega-Vazquez's opinions. The ALJ's first reason for discounting the opinions – that Plaintiff has not required prolonged hospitalization – does not constitute good cause because "[t]he institutionalization of the mentally ill is generally reserved for persons who are suicidal, otherwise violent, demented, or (for whatever reason) incapable of taking even elementary care of themselves." *Voigt v. Colvin*, 781 F.3d 871, 876 (7th Cir. 2015). In other words, the fact that Plaintiff was not hospitalized for a long duration does not contradict the severe limitations espoused by his treating physician. *See, e.g.,*

4

*Mwangi v. Berryhill*, No. 2:15-cv-1895-KOB, 2017 WL 1074458, at *12 (N.D. Ala. Mar. 20, 2017) ("The facts that the claimant was not hospitalized and did not receive counseling for her depression and anxiety do not constitute substantial evidence that she in fact did not have the severe limitations espoused by [her treating physicians]."). The ALJ here did indeed recognize that Plaintiff was hospitalized more than once, including a seven-day hospital stay in February 2015 due to his acute manic state and suicidal thoughts (Tr. 42), but apparently thought longer hospital stays were required in order to meet Dr. Vega-Vasquez's prescribed limitations. The ALJ was not competent to make such a medical conjecture. *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (holding that an ALJ abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physician).

    The ALJ's statement that Plaintiff has "improved significantly with medication stabilization" is conclusory, thereby frustrating judicial review. *See Beard v. Colvin*, Case No. 3:14-cv-18-J-JRK, 2015 WL 1138447, at *6 (M.D. Fla. Mar. 13, 2015) (stating that the ALJ's failure to explain how the treating physician's opinion "is inconsistent with the 'overall evidence' . . . frustrates judicial review and precludes a finding that the ALJ's treatment of [the treating physician's] opinion is supported by substantial evidence"). The ALJ failed to cite any specific medical records that showed such significant improvement or to otherwise explain his statement. *See Anthony v. Astrue*, Case No. 3:11-cv-355-

5

J-JRK, 2012 WL 3536989 at *4 (M.D. Fla. Aug. 14, 2012) (reversing the Commissioner's decision because no analysis or explanation was provided by the ALJ to discount the opinion of a treating physician); *see also Green v. Astrue*, 481 F. Supp. 2d 1241, 1246 (N.D. Ala. 2007) (finding that an ALJ's "conclusion [was] not supported by the record. The ALJ d[id] not explain how clinical support is lacking or how the statements are contradicted."). In any event, it is unclear how an individual who has been prescribed no less than twenty (20) medications to treat mental impairments with multiple adjustments, and has been hospitalized no less than three (3) times during the disability period for symptoms related to his mental impairments can be considered "significantly improved" with "medication stabilization."[3] (Tr. 647 (treating with Cymbalta when seen on January 29, 2010), 681 (treating with Zyprexa, Klonopin, and Trazodone when involuntarily committed to Wuesthoff Hospital on November 20, 2012), 693-98 (treating with Ativan when admitted to the psychiatric department of Wuesthoff hospital on January 5, 2013 for major depression with suicidal ideation), 747 (substituting Quetiapine for Olanzapine due to side effects on January 4, 2013), 829 (continuing Depakote and Olanzapine on December 18, 2012), 945 (increasing dose of Venlafaxine and continuing Trazodone in September 10, 2013), 958-61 (increasing dose of Venlafaxine and Trazodone on June 20, 2013 after being "on

---

[3] Dr. Vega-Vazquez's opinions are mostly consistent with the opinions rendered by examining psychologist, Donald Stewart Psy.D. (*Compare* Tr. 1578-79 *with* Tr. 2125-26.) However, the ALJ ignored that fact in his decision.

6

edge" and reporting ineffectiveness of Trazodone), 966-70 (adjusting dose of Trazodone on May 22, 2013), 978 (decreasing dose of Quetiapine, continuing Trazodone and Venlafaxine, and reporting poor tolerance of mood stabilizers in the past), 998-1001 (increasing dose of Quetiapine in February 2013 due to continuing symptoms), 1018 (stopping Depakote due to hallucinations), 1106 (prescribing Celexa based on continued anxiety), 1269 (adding Lithium to medications), 2132 (admitting Plaintiff to Vines Hospital under the Baker Act in February 2015 due to persistent suicidal ideation with a plan, and treating with Lithium and Doxepin), 2196 (discontinuing Remeron and adding Quetiapine), 2207 (increasing dose of Abilify), 2222 (discontinuing Carbamazepine and Risperadone, and prescribing Clonazepam and Ziprasidone), 2244 (adding Hydroxyzine), 2234-35 (adding Risperdal, Clonazepam, and Benadryl), 2264-65 (stopping Lithium due to ineffectiveness), 2315 (discontinuing Diazepam and prescribing Xanax and Fluoxetine).)

In light of the ALJ's errors, it is impossible to ascertain whether the ALJ's ultimate determination on disability is supported by substantial evidence and a remand for further consideration is warranted. This issue is dispositive and, therefore, it is unnecessary for the Court to address Plaintiff's remaining arguments. *See, e.g., Alexander v. Comm'r of Soc. Sec.*, No. 8:13-cv-1602-T-GJK, 2014 WL 4211311, at *3 n.3 (M.D. Fla. Aug. 26, 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must

reassess the entire record)). However, the ALJ will be directed to reconsider the other record medical opinions on remand.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the record medical opinions, explain what weight they are being accorded, and the reasons therefor; (b) reconsider Plaintiff's RFC, if necessary; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on June 18, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record